STORMS REALTY COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted February 17, 1933—Decided April 28, 1933.

For the plaintiff-appellant, *Lightdale & Lightdale (Harold B. Lightdale)*.

For defendant-respondent, *Joseph C. Paul*.

The opinion of the court was delivered by

BODINE, J. The plaintiff sued to recover under a policy of insurance. The instrument is lengthy but contains, among others, the following provisions: The company agreed with the assured, subject to limitations and conditions hereinafter provided, as respects bodily injuries or death suffered, or alleged to have been suffered, as the result of any accident occurring while the policy was in force, *by any person or per-*

sons not employed by the assured, by reason of the classified operations of the assured's trade or business described in the schedule, including operations incident or appurtenant thereto, as well as the making of ordinary repairs and the maintenance of assured's building and equipment. * * * The liability of the company for loss from an accident resulting in bodily injuries to or in the death of one person was limited to ten thousand dollars ($10,000), and, subject to the same limit for each person, the total liability of the company for loss from any one accident resulting in bodily injuries to or in the death of more than one person was limited to twenty thousand dollars ($20,000), * * * "Location of operations classified in Statement 7 399-403 Avenue 'C,' Bayonne, New Jersey." * * * "Classification of Operations: Carpentry—installation of interior trim, builders' finish or cabinet work (N. P. D. with No. 5645—'Carpentry in connection with private residents.)' Clerical office employes, salesmen, collectors and messengers."

The complaint alleges that during the life of the policy, "one Gussie Katzel was in and upon the building known as 399-403 Avenue 'C,' Bayonne, New Jersey, mentioned and described in said policy of insurance, which said building was then and there owned and maintained by the plaintiff corporation, the assured named and described in said policy of insurance, when due to the negligence of the plaintiff corporation in the maintenance of said building and the equipment therein, the said Gussie Katzel, received serious personal injuries and the plaintiff corporation duly notified the defendant corporation of said accident in accordance with the terms of said policy of insurance."

Thereafter a suit was brought against the plaintiff. The defendant was duly notified but failed to defend. The suit resulted in a judgment whereby the plaintiff was damaged. The present action was brought to recover the loss so sustained.

The defendant answered alleging that the policy in suit did not cover the loss sustained, but that such loss was covered by a policy known as L. O. L., which defendant did not write.

The plaintiff moved to strike the answer and the court struck the complaint.

The record before us contains but a single affidavit, which seems to have no bearing upon the questions involved. Nor is there proof as to the meaning of N. P. D. or L. O. L. It may possibly be that the action brought against the plaintiff was not within the four corners of the policy sued upon, but as we read the record the plaintiff alleged facts which seems to bring the action within certain terms of the policy. The complaint alleges an injury to Mrs. Katzel due to plaintiff's negligent maintenance of the building at 399-403 Avenue C, Bayonne. The policy, in the general clause, insures against injuries sustained due to operations due to the maintenance of assured's buildings and equipment. We cannot, on the record before us, say that the complaint does not state facts sufficient to constitute a cause of action.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 15.